Harris v. McLain

---

---

BETTY ANTHONY HARRIS v. HASKEL EMBERY McLAIN
D/B/A TERMINAL CAB COMPANY

No. 7119SC437

(Filed 15 September 1971)

Automobiles § 57—intersection accident — insufficiency of evidence of negligence

> Plaintiff passenger's evidence was insufficient to be submitted to the jury in this action against the driver of the automobile in which plaintiff was riding where it tended to show only that the driver of a second automobile pulled up to an intersection, stopped for a stop sign, saw no traffic approaching and, as she entered the highway along which defendant was traveling, was instantly struck by defendant's automobile.

APPEAL by plaintiff from *Gambill, Judge,* 4 January 1971 Session of Superior Court held in CABARRUS County.

This action was instituted on 19 August 1969 to recover damages for injury sustained in an automobile accident which occurred on 20 August 1966. At the conclusion of plaintiff's evidence, the court granted defendant's motion for a directed verdict. Plaintiff appealed.

*Johnson, Davis and Horton by Clarence E. Horton, Jr., for plaintiff appellant.*

*Williams, Willeford and Boger by John Hugh Williams for defendant appellee.*

VAUGHN, Judge.

Plaintiff was a passenger in defendant's vehicle when it collided with a vehicle operated by one Sharon Kincaid. Prior to the institution of the present action plaintiff unsuccessfully sued Miss Kincaid, alleging that her negligence was the sole proximate cause of the accident. At the trial of the action against the defendant in this case, the only testimony as to the occurrence of the accident was given by plaintiff and Miss Kincaid. Plaintiff's testimony was silent as to the manner in which defendant's vehicle was being operated. She testified she did not know how the accident occurred. Miss Kincaid testified that she pulled up to the intersection, stopped for a stop sign, saw no traffic approaching and, as she entered the highway along which defendant was traveling, was instantly struck on the left side of her vehicle. There was nothing to obscure her visibility for one block in the direction from which defendant approached the intersection. It is manifest that the evidence was insufficient for submission to the jury. We hold that defendant's motion for a directed verdict was properly allowed.

Affirmed.

Judges BROCK and GRAHAM concur.